UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COBRA ENTERPRISES, LLC et al., | Civil Action No. 20-4750 (SRC) |
| Plaintiffs, | |
| v. | OPINION |
| ALL PHASE SERVICES, INC., | |
| Defendant. | |

**CHESLER, District Judge**

This matter has come before the Court on the motion to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendant All Phase Services, Inc. ("All Phase"). Plaintiffs Cobra Enterprises, LLC ("Cobra") and Sun Valley Services, Inc. ("Sun Valley") (collectively, "Plaintiffs") have opposed the motion. For the reasons that follow, the motion will be granted.

This case arises from disputes over a construction project. The Complaint alleges that All Phase was the general contractor, Cobra was a subcontractor to All Phase, and Sun Valley was a subcontractor to Cobra. The Complaint asserts eleven counts.

All Phase first argues that the Complaint should be dismissed under New Jersey's entire controversy doctrine, because the claims arise from transactions related to those litigated in a prior action. This argument cannot succeed on a motion to dismiss because it is based upon evidence which is extrinsic to the Complaint. In re Asbestos Prods. Liab. Litig. (No. VI), 822 F.3d 125, 133 (3d Cir. 2016) ("a court considering a motion to dismiss under Federal Rule of

1

Civil Procedure 12(b)(6) may consider only the allegations contained in the pleading to determine its sufficiency.")   Furthermore, in a similar procedural context, the Third Circuit held:

> [I]n federal court, the assertion that an action is barred by the Entire Controversy Doctrine is also an affirmative defense pursuant to that Rule, included along with res judicata.   At the least, the Doctrine constitutes "any other matter constituting an avoidance or affirmative defense" under Rule 8(c). . . .
>
> However, a motion to dismiss pursuant to Rule 12(b)(6) was not the proper vehicle in this case.   We held in *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978), that if a statute of limitations "bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)."   This holding applies not only to a statute of limitations defense, but also to any affirmative defense raised pursuant to Rule 8(c), including res judicata and the Entire Controversy Doctrine.
>
> The claimed Entire Controversy bar in this matter was not "apparent on the face of the complaint."   *Bethel*, 570 F.2d at 1174.   Thus, the issue could not be resolved via a Rule 12(b)(6) motion.

Rycoline Prods. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997).   The same is true in the instant case.   The Complaint does not refer to any prior action and pleads no facts from which this Court could make a determination on the applicability of the entire controversy doctrine, nor does it reference documents from which this Court could make such a determination.   Such a determination would in fact require a fact-intensive analysis that is not appropriate at this stage.   The motion to dismiss the Complaint on the basis of the entire controversy doctrine will be denied without prejudice and may be renewed in a motion for summary judgment.

In its reply brief, All Phase argues: "Cobra was contractually barred from assigning any of its rights pursuant to the subject subcontract agreements."   (Reply Br. at 3.)   Even if, *arguendo,* All Phase is correct that the subcontract agreements are properly considered on this motion to dismiss, this is a new argument raised in a reply brief and will not be considered.   As a matter of procedure, this Court will not accept arguments offered for the first time in the reply

brief, as they were not properly asserted in the opening brief and Plaintiffs have not had the opportunity to respond to them.  Anspach v. City of Philadelphia, 503 F.3d 256, 258 n.1 (3d Cir. 2007) ("failure to raise an argument in one's opening brief waives it").

Defendants argue successfully, however, that the Complaint fails to meet the pleading standard set forth in Twombly.    In reviewing a motion to dismiss under Rule 12(b)(6), a court must determine whether a complaint states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   Id. (citing Twombly, 550 U.S. at 556).   Following Iqbal and Twombly, the Third Circuit has held that, to withstand a motion to dismiss, the complaint must show, through the facts alleged, that the plaintiff is entitled to relief.   Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).   The Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor.   Phillips v. County of Allegheny, 515 F. 3d 224, 231 (3d Cir. 2008).   "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'"   Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)).

The Court finds that the Complaint, which was originally filed in state court, does not plead sufficient specific facts to meet federal pleading standards.   In particular, it does not plead the underlying specific facts regarding contractual obligations, performance, and payment.   The Complaint states no valid claims for relief under the pleading standards of Twombly and Iqbal.   The motion to dismiss will be granted.   The Complaint will be dismissed in its entirety without

3

prejudice, and Plaintiffs shall be granted leave to replead it.

The Court observes that, should Plaintiffs choose to replead the Complaint, generally, under New Jersey law, a sub-sub-contractor (as the Complaint alleges Plaintiff Sun Valley is, relative to general contractor All Phase) has no cause of action in quasi-contract against the general contractor unless the general contractor has induced the sub-sub-contractor to perform the work.   To the extent that Sun Valley contends that it is entitled to assert its own quasi-contract claims, such claims are generally derivative, not direct, against the general contractor.   See, e.g., Insulation Contractor & Supply v. Kravco, Inc., 209 N.J. Super. 367, 379 (N.J. Super. Ct. App. Div. 1986) ("Plaintiff may not recover against defendants on the theory of unjust enrichment, restitution or quasi-contract.")

For these reasons,

**IT IS** on this 1st day of June, 2020

**ORDERED** that Defendant's motion to dismiss the Complaint (Docket Entry No. 2) is **GRANTED** and the Complaint is **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiffs are granted leave to replead the Complaint within 30 days of the date of entry of this Order.

         s/ Stanley R. Chesler
        Stanley R. Chesler, U.S.D.J