UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COBRA ENTERPRISES, LLC et al., | Civil Action No. 20-4750 (SRC) |
| Plaintiffs, | |
| v. | OPINION & ORDER |
| ALL PHASE SERVICES, INC., | |
| Defendant. | |

**CHESLER, District Judge**

This matter comes before the Court on two motions: 1) the motion, by Plaintiff Sun Valley Services, Inc. ("Sun Valley"), to dismiss the Counterclaim asserted by Defendant All Phase Services, Inc. ("All Phase"), pursuant to Federal Rule of Civil Procedure 12(b)(6); and 2) the putative cross-motion, brought by Defendant All Phase, to dismiss the Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(c).  For the reasons that follow, the motion to dismiss the Counterclaim will be granted and the putative cross-motion will be denied.

The Court first examines the putative cross-motion and finds that it is not a valid cross-motion.  L. Civ. R. 7.1(h) states:

> A cross-motion related to the subject matter of the original motion may be filed by the party opposing the motion together with that party's opposition papers and may be noticed for disposition on the same day as the original motion, as long as the opposition papers are timely filed.

Sun Valley's motion seeks to dismiss the Counterclaim, as filed by All Phase in the Answer. The putative cross-motion seeks to dismiss the Amended Complaint, filed by Plaintiffs.  The

1

cross-motion is not related to the subject matter of the original motion, within the meaning of L. Civ. R. 7.1(h).   The issues involved are very different.   The putative cross-motion was not properly brought and will be dismissed without prejudice.[1]   All Phase may refile the motion as a separate motion.

This case arises from disputes over a construction project.   The Amended Complaint alleges that All Phase was the general contractor, Cobra was a subcontractor to All Phase, and Sun Valley was a subcontractor to Cobra.   The Counterclaim asserts two counts against Plaintiffs Sun Valley and Cobra Enterprises, LLC ("Cobra.")   Both counts assert breach of contract against both Plaintiffs.   The motion to dismiss the Counterclaim, however, is brought by Sun Valley in regard to the Counterclaim counts only against it, and not those against Cobra.

The Counterclaim thus asserts two counts for breach of contract against Sun Valley by All Phase.   The Counterclaim alleges the following facts:

> 5.   All Phase did not enter into any agreement with Plaintiff/Counterclaim Defendant Sun Valley Services, Inc. ("Sun Valley") on the Picatinny Arsenal Project.
>
> 7.   On or around February 19, 2015, All Phase entered into a Subcontract Agreement with Cobra for the Ft. Drum Project (the "Ft. Drum Contract").

The Counterclaim does not allege that All Phase and Sun Valley mutually entered into either of these two contracts together.   Under New Jersey law, a party asserting a claim for breach of

---

[1] Nonetheless, the Court notes some issues for All Phase to consider in re-drafting the attempted cross-motion.   First, All Phase should consider the distinction between the *right* to assign and the *power* to assign, as explained by the New Jersey Supreme Court in Owen v. Cna Ins./Continental Cas. Co., 167 N.J. 450, 461 (2001).   Second, All Phase should consider the principle that a federal court, deciding a motion to dismiss, is restricted to the facts asserted in the pleadings and may not look at evidence extrinsic to the pleading at issue.   A court may consider "documents incorporated into the complaint by reference," but such a document must be present in the record before it may be considered.   Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

contract must plead four elements:

> (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations.

Frederico v. Home Depot, 507 F.3d 188, 203 (3d Cir. 2007).   Neither count of the Counterclaim pleads a contract between All Phase and Sun Valley.   Neither Counterclaim states a valid claim for breach of contract by All Phase against Sun Valley.   Sun Valley's motion to dismiss the Counterclaim will be granted.

For these reasons,

**IT IS** on this 9th day of September, 2020

**ORDERED** that Sun Valley's motion to dismiss the Counterclaim (Docket Entry No. 11) is **GRANTED** and, as against Plaintiff Sun Valley only, the Counterclaims are **DISMISSED** with prejudice.

                                          s/ Stanley R. Chesler
                                       Stanley R. Chesler, U.S.D.J