UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **COBRA ENTERPRISES, LLC, et al.**<br><br>Plaintiffs,<br><br>v.<br><br>**ALL PHASE SERVICES, INC.,**<br><br>Defendant. | Civil Action No. 2:20-cv-4750-SRC-CLW<br><br>OPINION |

## I. Introduction

This matter comes before the Court on the motion of plaintiff Sun Valley Services, Inc. ("Sun Valley") seeking leave to file a second amended complaint. ECF No. 38. Defendant All Phase Services, Inc. ("All Phase") has opposed the motion and Sun Valley has filed a reply. ECF No. 45, 46. Sun Valley's motion has been referred to the undersigned by the Honorable Stanley R. Chesler. The Court has carefully considered the parties' submissions and decides the matter without oral argument per FED. R. CIV. P. 78(b) and Local Civil Rule 78.1. For the reasons stated below, the Court GRANTS Sun Valley's motion.

## II. Background

This matter arises from two federal construction projects for which All Phase was the general contractor, plaintiff Cobra Enterprises, LLC ("Cobra") was a subcontractor to All Phase, and Sun Valley was a subcontractor to Cobra. The plaintiffs filed the action in state court in March 2020, seeking to recover from All Phase sums allegedly due to them in connection with this work. See generally ECF No. 1. Shortly thereafter, All Phase removed the matter to this Court and moved to

dismiss; Judge Chesler granted that motion without prejudice for Plaintiffs to file an amended complaint; and Plaintiffs did so. ECF No. 2, 6, 8.

According to the certification of Sun Valley's counsel Richard M. Baron (the "Baron Cert.", ECF No. 38-1), in mid-2020, Sun Valley received All Phase's "woefully incomplete" discovery responses. Baron Cert. at ¶ 10. According to Mr. Baron, All Phase failed to produce materials relating to All Phase's submission of claims for payment to the Federal Government. Id. In March 2021, All Phase sent to Sun Valley a supplemental document production containing such documents. Baron Cert. at ¶ 14-15.[1]

Around the same time, All Phase advised Mr. Baron that All Phase lacked materials showing that Sun Valley submitted its own claim documents to All Phase. Mr. Baron then pressed Sun Valley's principal for these items, and it was discovered that there were "significant claim-related documents" that Sun Valley had transmitted to All Phase via text message, and therefore were previously overlooked. Mr. Baron obtained these materials from his client several days after the April 15, 2021 deadline for amended pleadings. Id. at ¶ 12; ECF No. 24.

Sun Valley sought leave to move to file an amended complaint on June 11, 2021, approximately two months after the April 15 deadline. ECF No. 36. The Court granted leave shortly thereafter. ECF No. 37. By its motion, Sun Valley primarily

---

[1] All Phase contends that Sun Valley already had this material but provides no support for this assertion. ECF No. 45-1 at ¶ 12.

seeks to modify its claimed damages and add certain factual assertions supporting its claims.[2]

### III. Legal Standards

Because Sun Valley sought leave to amend after the deadline for motions to amend the pleadings, its motion implicates FED. R. CIV. P. 15(a)(2) and 16(b)(4). See, e.g., Karlo v. Pittsburgh Glass Works, LLC, 2011 U.S. Dist. LEXIS 125667, at *9 (W.D. Pa. Oct. 31, 2011) ("Where, as here, the motion [to amend] was filed after the deadline set by the Court, the movant must satisfy the requirements of Rule 16 before the Court will turn to Rule 15.").

Rule 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." For purposes of Rule 16(b), "[a] finding of good cause depends on the diligence of the moving party. In other words, the movant must show that the deadlines cannot be reasonably met despite its diligence." Globespanvirata, Inc. v. Tex. Instruments, Inc., 2005 U.S. Dist. LEXIS 16348, at *9-10 (D.N.J. July 11, 2005) (quoting Rent-A-Center v. Mamaroneck Ave. Corp., 215 F.R.D. 100, 104 (S.D.N.Y. 2003) and citing FED. R. CIV. P. 16 advisory committee's note ("The court may modify the schedule on a showing of good cause if [the deadlines] cannot be reasonably met despite the diligence of the party seeking the extension.")); see, e.g., Konopca v. FDS Bank, 2016 U.S. Dist. LEXIS 41002, at *4 (D.N.J. Mar. 29, 2016) ("To show good cause, 'the moving party must demonstrate that a more diligent pursuit of discovery was impossible.'") (quoting Alexiou v.

---

[2] Sun Valley also seeks to make minor ministerial changes to its complaint.

3

Moshos, 2009 U.S. Dist. LEXIS 81815, at *8 (E.D. Pa. Sept. 9, 2009)). "The 'good cause' standard is not a low threshold. Disregard for a scheduling order undermines the court's ability to control its docket, disrupts the agreed-upon course of the litigation, and rewards 'the indolent and cavalier.'" J.G. v. C.M., 2014 U.S. Dist. LEXIS 56143, at *4-5 (quoting Riofrio Anda v. Ralston Purina Co., 959 F.2d 1149, 1154-55 (1st Cir. 1992)).

    Assuming good cause is shown, the Court proceeds to Rule 15(a)(2), under which "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The "three instances when a court typically may exercise its discretion to deny a Rule 15(a) motion for leave to amend [are] when '(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'" United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Co., 839 F.3d 242, 249 (3d Cir. 2016) (quoting U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014)). The Third Circuit "has interpreted these factors to emphasize that 'prejudice to the non-moving party is the touchstone for the denial of the amendment.'" Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989) (quoting Cornell & Co. v. Occupational Safety and Health Rev. Comm'n, 573 F.2d 820, 823 (3d Cir. 1978)).

### IV. Analysis

#### a. Rule 16

The Court finds that Sun Valley was sufficiently diligent in moving to amend. As described above, the two catalysts for Sun Valley's motion were its March 2021 receipt of information concerning All Phase's submission of claims to the Federal Government and counsel's April 2021 discovery of information concerning Sun Valley's claims to All Phase. Sun Valley sought leave to amend two to three months after these events. For Rule 16 purposes, "courts in the Third Circuit have found diligence when a party has sought leave to amend within three months of learning new information . . . ." Home Semiconductor Corp. v. Samsung Elecs. Co., 2019 U.S. Dist. LEXIS 82723, at *13 (D. Del. May 16, 2019) (citing Logan v. Bd. of Educ. of Sch. Dist. of Pittsburgh, 2017 U.S. Dist. LEXIS 36592, at *15 (W.D. Pa. Mar. 15, 2017)). Sun Valley's motion falls squarely within this range. Moreover, because Mr. Baron did not receive certain information from his client until after the amended pleadings deadline had passed, the deadline could not have been met with any degree of diligence. Globespanvirata, supra. The Court thus finds that Rule 16's good cause requirement is satisfied and will therefore proceed to Rule 15.

#### b. Rule 15

All Phase's Rule 15 arguments are that Sun Valley's motion (i) was brought in bad faith; and (ii) is the result of Sun Valley's undue delay in prosecuting this case. These arguments are based almost entirely on this being Sun Valley's third

pleading and the inaccuracy of Sun Valley's representation that this complaint will not require additional discovery.

These factors fall well short of demonstrating bad faith, which requires something akin to an "indication of an intentional advancement of a baseless contention that is made for an ulterior purpose, e.g., harassment or delay." Ford v. Temple Hosp., 790 F.2d 342, 347 (3d Cir. 1986) (citing Baker Industries, Inc. v. Cerberus, Ltd., 764 F.2d 204, 223 (3d Cir.1985) (Higginbotham, J., dissenting)). The Court "is not convinced that Plaintiff is seeking to amend [its] complaint based on bad faith rather than the otherwise colorable claims asserted in" the proposed amended pleading. Militello v. Allstate Prop. & Cas. Ins. Co., 2015 U.S. Dist. LEXIS 77481, at *9 (M.D. Pa. June 16, 2015) (denying bad faith argument). The Court therefore rejects All Phase's bad faith argument.

As to Sun Valley's delay, All Phase is correct that delay may become "undue," and therefore warrant denial of a motion to amend, where a party has had multiple opportunities to seek amendment. Bjorgung v. Whitetail Resort, LP, 550 F.3d 263, 266 (3d Cir. 2008) (citing Cureton v. Nat'l Collegiate Athl. Ass'n., 252 F.3d 267, 273 (3d Cir. 2001)). However, this is plainly not the end of the inquiry; otherwise, parties would never be permitted to file second amended pleadings. Instead, courts considering undue delay "focus on the movant's reasons for not amending sooner, and . . . balance these reasons against the burden of delay on the District Court." Id. (citations omitted).

The Court accepts as reasonable Sun Valley's above-described reasons for not amending sooner, and the only burden that All Phase even passingly references is the need for additional discovery — a factor that does not necessarily amount to an undue burden (or prejudice, for that matter). Cf., Frisof v. Swift Transp. Co., 2008 U.S. Dist. LEXIS 57771, at *4 (M.D. Pa. July 28, 2008) ("[P]rejudice vel non generally turns on whether the non-moving party would be able, without undue burden, to conduct any additional discovery necessitated by the amendment.") (emphasis added) (citing Dole v. Arco Chem. Co., 921 F.2d 484, 488 (3d Cir. 1990)). As All Phase cites no other reasons why additional discovery would unduly burden itself or the Court, its burdensomeness argument fails.

## V. Conclusion

For the reasons stated, the Court will grant Sun Valley's motion to file a second amended complaint. An order consistent with this opinion follows.

Dated: January 24, 2022

> */s/ Cathy L. Waldor*
> Cathy L. Waldor, U.S.M.J.

7